UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

GAETANO T. RIZZO,

    Debtor.
_____/

Case No. 11-46502
Chapter 7
Hon. Walter Shapero

JERRY D. COOK, Individually and as Trustee
Of the Jerry D. Cook Trust

    Plaintiff,
v.

GAETANO T. RIZZO,

    Defendant.
_____/

Adv. Pro. No. 12-05747

## OPINION REGARDING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

The Plaintiff seeks to revoke the Defendant's discharge on the grounds that he omitted various property interests from his bankruptcy schedules. The Defendant moved to dismiss for failure to state a claim and for summary judgment. Defendant's motions are granted in part and denied in part.

### BACKGROUND

Jerry D. Cook ("Plaintiff") and Gaetano T. Rizzo ("Defendant") were business partners in real estate ventures, primarily a condominium enterprise in Arkansas involving a number of related entities in which they held management and ownership interests. Briefly stated, their

1

relationship broke down, resulting in litigation between the two, directly or indirectly involving some of the entities, as early as 2008. Plaintiff obtained a large judgment against Defendant in Arkansas state court. At least two of the entities in they actively participated, Lochmoor Club, LLC and Landquest Communities of Arkansas, LLC, filed for bankruptcy in this Court in 2008 and 2009, respectively. In 2011, Defendant filed bankruptcy in this Court, disclosing his interests in a number of entities. Plaintiff was timely listed as a creditor and received notice of the bankruptcy, but did not initially appear at the meeting of creditors, object to the discharge, or otherwise participate. Defendant was discharged on October 3, 2011.

Exactly one year later, Plaintiff filed this adversary proceeding to revoke Defendant's discharge under 11 U.S.C. § 727(d) on essentially grounds that Defendant intentionally omitted from his bankruptcy schedules a residence worth $182,000 and various entities in which (according to the amended complaint) he held an interest, including but not limited to:

>Landquest Communities of Arkansas, LLC
>Landquest Realty, LLC
>Pinnacle Woods Creek, LLC
>Crestmark, LLC
>Garland Market Place, LLC
>Brougham Properties, LLC
>GTR Inwood Holdings, LLC
>JJC Group, LLC
>Washington Partners, LLC
>Washington Land Co., LLC
>Foriz Land Co., LLC
>Washington Development Co., Inc.
>Allencroft, LLC

(collectively, "the Contested Entities"). Plaintiff alleges to have then just learned of Defendant's interests in these entities after a Rule 2004 examination of Dominic Geric, which took place in

November 2011 in Mr. Geric's bankruptcy case in this Court. Geric was also a partner with Plaintiff and Defendant in various ventures.[1]

Defendant, in lieu of an answer, moved to dismiss the complaint for failure to state a claim for which relief can be granted. The Court ruled that the complaint was indeed deficient and allowed Plaintiff the opportunity to amend. After the amended complaint was filed, Defendant filed the present "Motion to Dismiss Adversary Proceeding and for Summary Judgment" on the basis that the amended complaint was still deficient because it lacked facts supporting the allegation that Defendant owned such assets at the time he filed the petition and intentionally omitted them from his schedules. The Court again agreed with Defendant and required Plaintiff to file an affidavit to support his largely conclusory allegations. Plaintiff then provided an affidavit from Charles M. Kester, an Arkansas attorney who represented Plaintiff in the Arkansas litigation, which took place in both state and federal courts. That affidavit contained no supporting documentation. Once again, Defendant objected to the sufficiency of the facts that Plaintiff presented. The Court again required that Plaintiff support the affidavit with relevant documentation.

Plaintiff then submitted an amended affidavit that contained supporting documents mostly from the lengthy legal proceedings circa 2008. Although it was 423 pages long, it contained little, if any, direct support for Plaintiff's allegations as should bear on this opinion, as it essentially recaps the history of the extensive litigation between these parties. However, it did contain an Exhibit G, which purports to be a statement compilation of the financial condition of

---

[1] Plaintiff was timely listed as a creditor in the bankruptcies of both Mr. Geric and Defendant. However, he only participated in that of Mr. Geric.

Defendant and his revocable living trust, prepared at the behest of Defendant ("the Trust Document"). This document is dated November 15, 2008. Among others, it states that Defendant jointly owns a "residence" (the address of which is not identified) with his wife that is valued at $182,000. It also states that Defendant, either individually or as part of his trust, then had a direct or indirect interest (as will be later discussed) in several of the thirteen Contested Entities.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. §§ 1334(b) and 157, and E.D. Mich. L.B.R. 83.50(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## STANDARDS

The dismissal of a complaint for failure to state a claim is governed by Fed.R.Civ.Pro. 12(b)(6), which is made applicable to these proceedings by Fed.R.Bankr.P. 7012(b). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (citing Twombly, 550 U.S. at 556). "The complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Followell v. Mills, 317 Fed. Appx. 501, 505 (6th Cir. 2009) (citing Mezibov v. Allen, 411 F.3d 712, 716

4

(6th Cir. 2005)). Those allegations must be more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555 (citation omitted).

Fed.R.Civ.Pro. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. (emphasis original). A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Grp. v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999) (citing Anderson, 477 U.S. at 248).

## DISCUSSION

Landquest Communities of Arkansas, LLC, one of the Contested Entities, was in fact disclosed on Defendant's schedules. See Case No. 11-46502, Statement of Fin. Affairs, Dkt. 8, Sch. B-14 ("LANDQUEST COMM OF ARKANSAS LLC"). Plaintiff can thus state no set of facts indicating that he is entitled to relief as a result of Defendant's failure to schedule that entity and, accordingly, Defendant's motion to dismiss the complaint is granted as respects it.

The Trust Document in its format and substance on the matter of ownership of the various entities is ambiguous or somewhat confusing on its face. On the balance sheet under "Assets" and thereunder the heading "Investments" it states:

5

> Controlled entities – 100% ownership
> Corporations and joint ventures – less than 100% ownership

In the extensive note explaining the indicated "Investments" the first line says:

> Garland Commons, LLC, GTR Investments, LLC and GTR Builders, Inc. hold investments in the following entities:

There follows thereunder, in bold type, the mentioned three entities, which might be the parent entities, but also three *other* entities, and under each of those six total entities are listed anywhere between one and sixteen other entities with varying percentages of ownership. At least six of the Contested Entities appear somewhere on that list. What is not sufficiently clear are which entities Defendant holds a *direct* ownership interest, and which are subsidiaries of such. Garland Commons, LLC, GTR Investments, LLC, and GTR Builders, Inc. are each listed on Defendant's schedules. After the initial six bold type heading entries, there is a second group titled "Controlled Entities – 100% Ownership" under which are listed four other entities, all of which were listed on Defendant's schedules and none of which are among the Contested Entities. There is a third bold type group entitled "Corporations and Joint Ventures – Less than 100% Ownership" under which are listed 34 other entities, two of which are among the contested entities and many, if not most, of which are listed on Defendant's schedules.

Three of the Contested Entities were absent from the Trust Document: Pinnacle Woods Creek, LLC, Allencroft, LLC, and Crestmark, LLC. However, the documents attached to the second affidavit indicate that Defendant was an officer or manager for the first two entities previously noted. In total, the Court concludes that Plaintiff's exhibits raise a plausible issue and a genuine issue of material fact as to whether Defendant also had an individual ownership interest in those two entities. As such, Defendant's request for relief is denied. The Court will

6

however grant Plaintiff's motion for summary judgment with respect to Crestmark, LLC because nothing in Plaintiff's pleadings or supporting documents substantiates the claim that Defendant ever owned interests in such an entity.[2]

The Trust Document also lists a residence, unidentified by location or address, owned jointly by Defendant and his wife, valued at $182,000 (with a mortgage of $137,000) plus personal property valued at $127,000. Debtor did not list ownership of a residence on his Schedule A and did not list any unexpired lease in Schedule G. He did list a rental or mortgage payment of $1,333 per month in Schedule J. No secured creditors are listed on Schedule D. Those facts preclude granting Defendant's motions with respect to the non-listing of the residence.

Finally, the fact that the Trust Document was created in 2008 does not make it so remote in time as to render it totally untrustworthy for purposes of deciding the pending motions. What is shown on that document, as compared with what Debtor did disclose in his schedules filed in early 2011, at the very least, among other things, raises the possibility that what existed in 2008 might have existed in 2011, in whole or in part.

The Court does agree with Defendant that he was under no duty to disclose on his schedules any of his interests in entities that were not *directly* owned by him or his trust, but rather were subsidiaries of entities he listed on his schedules. A member in an LLC (even a sole member) or

---

[2] Defendant's bankruptcy schedules listed "CRESTMARK HOMES LLC" and the Trust Document lists "Crestmark Homes, Inc". However, there were no facts indicating that "Crestmark, LLC" (as listed on the amended complaint) was owned by Defendant, or that it even existed. Several of the numerous entities involved in these ventures have confusingly similar names. However, Plaintiff has a burden of pleading and substantiating specific facts. For present purposes, listing a name of an entity that is "substantially similar" is insufficient, especially where there is no indication that the entity even existed.

7

a shareholder in a corporation has no interest in the property or assets of the entity and is under no obligation to list such subsidiary interests or assets on the schedules. In re Hopkins, 2012 WL 423916 at *1 (Bankr. W.D. Mich. 2012) (citations omitted); Mich. Comp. Laws § 450.4504(2); In re Shepard, 2011 WL 1045081 at *7 (Bankr. D. Md. 2011).

CONCLUSION

Incident to the conclusions set forth herein, it is to be noted that § 727(d)(4) allows for setting aside a discharge where that discharge was obtained through the fraud of the debtor and the requesting party did not know of the fraud until after the discharge was granted. This latter requirement involves a factual inquiry that cannot be decided in the context of the pending motions and might very well be an issue in this proceeding. The applicable law is that the omission of assets from schedules must be found to have been intentional and fraudulent in fact and likely does not include implied fraud or fraud in law. Intent too is a question of fact. Finally it is to be further noted that the statute also allows for revocation of a discharge where the debtor committed an act under § 727(d)(6). That provision does not appear to have been invoked by Plaintiff's amended complaint.

Defendant's Motion to Dismiss Adversary Proceeding and for Summary Judgment is, to the extent indicated, granted in part and denied in part. Defendant shall prepare and present an order consistent with this opinion and include a provision requiring Defendant to file an answer to the amended complaint within twenty (20) days of the entry of that order. Following the entry of that order, the Court will be issuing a scheduling order governing further proceedings. It appears likely at this juncture that this proceeding will be going forward under § 727(a)(4)(A), and in particular, strictly and narrowly as one involving the failure to list direct ownership of the

8

Contested Entities. In responding to the scheduling order and in conducting their Rule 26(f) conference and fashioning its resulting report, the parties should keep that in mind.

.

**Signed on August 12, 2013**

                                                 **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**